## A. D. BAKER COMPANY *v.* BERRY.

[No. 11,562. Filed December 13, 1923.]

FRAUD.—*Burden of Proof.—Failure to Sustain.*—In an action for fraud in inducing the plaintiff to enter into a compromise and settlement of a pending suit and all claims of the parties against each other, by fraudulently concealing the fact that the defendant had, prior thereto, sold and assigned to an innocent purchaser a note held by him against the plaintiff, which he was thereafter compelled to pay, *held* that plaintiff had not sustained the burden resting on him of showing the alleged fraud.

From the Howard Circuit Court; *A. B. Kirkpatrick,* Special Judge.

Action by Omer L. Berry against A. D. Baker Company. From a judgment in favor of plaintiff, the defendant appeals. *Reversed.*

*Bell, Kirkpatrick, McClure & Elliott,* for appellant.

*John B. Joyce, Wolf & Barnes* and *C. W. Roll,* for appellee.

McMAHAN, J.—Complaint by appellee to recover an amount which he alleges he was compelled to pay because of the fraud of appellant. The complaint alleges that appellee purchased a traction engine of appellant for which he executed four notes, each for $410, and falling due October 1, 1915, 1916, 1917 and 1918, respectively, and to secure the payment of such notes he gave appellant a chattel mortgage on such engine and other property; that prior to the execution of said mortgage appellee was indebted to the Howard National Bank of Kokomo, for $355, evidenced by note, which was secured by a chattel mortgage on the property covered by said mortgage to appellant, other than said traction engine; that appellant began suit on the four notes so executed to it, and to foreclose its mortgage; that soon thereafter appellant purchased the $355 note from the Howard National Bank, and appellant knew that appellee knew it had become the owner of said $355 note; that after commencing suit on said note appellant took possession of all the property described in the mortgage under a writ of attachment; that thereafter appellant and appellee entered into a written agreement to settle and compromise said suit and all other claims they had against each other; that according to the terms of said agreement appellee was to give appellant his note, payable on or before September 1,

1917, for $500, signed by another as surety and appellant was to dismiss its action to foreclose said mortgage, to return to appellee all the property therein described, except the engine purchased from appellant, and surrender the notes, contracts and agreements, *then* held by appellant against appellee, each party releasing the other from all claims.

It is then alleged that appellant did not surrender to appellee the note for $355, but wrongfully and fraudulently kept the same; that, prior to the making of said compromise agreement, appellant made a *pretended* assignment of said $355 note to a certain bank and when said compromise agreement was made fraudulently concealed from appellee that it had theretofore so assigned said note, and represented to appellee and led him to believe that it then owned and held said $355 note, for the purpose of deceiving appellee and inducing him to enter into said compromise agreement and to execute said $500 note; that appellee, relying upon the alleged false representations made by appellant, entered into and signed said agreement of compromise; that appellant, before said $500 note became due, sold and assigned the same to a purchaser in due course and that appellee was compelled to and did pay the same when it became due; that the purchaser and holder of said $355 note brought suit against appellee to recover the amount due thereon and recovered judgment against him in the sum of $553.18, which he was compelled to and which he did thereafter pay and that by reason of appellant's failure to surrender said $355 note to appellee, he was damaged, etc.

Appellant's motion to strike out parts of the complaint being overruled, it filed a demurrer for want of facts, which was also overruled. The issues were closed by an answer of general denial. There was a trial by

jury which resulted in a verdict for appellee for $355 "and interest of 6% from date note was paid."

There was no reversible error in overruling the motion to strike out or in overruling the demurrer to the complaint.

On July 19, 1916, appellant and appellee settled and compromised the foreclosure suit which appellant had brought against appellee, and entered into a written agreement reciting that the parties agreed to and did settle and compromise said suit, "and all other claims of said parties against each other;" that appellee surrendered to appellant the new engine involved in said suit free from all claims of appellee or of his father and mother, and appellee was also to give his note to appellant for $500, with a named surety; that appellant surrendered to appellee all the other property involved in said suit; that appellant should dismiss said suit and "surrender the notes, contracts, and agreements now held by said company against said Berry."

The evidence relating to the execution of this contract of settlement, without conflict, shows that Hon. W. C. Overton, who was the judge of the Howard Circuit Court when this cause was tried, was the attorney for appellee in the suit brought by appellant to foreclose the chattel mortgage; that he dictated and prepared the compromise agreement; that, prior to the making of said agreement, he had learned of the $355 note held by the Howard National Bank and on May 11, 1916, wrote appellant notifying it of that note; that thereafter Mr. Brown, of Tipton, representing appellant, called on Judge Overton and made a proposition of settlement. The $355 note was not mentioned in the conversation between another attorney representing appellant and Judge Overton, although the latter then knew appellant had purchased that note from the bank. In that conversation the attorney insisted that all matters between

the Berry family and appellant should be settled in the agreement. Appellee was not present when this agreement was drawn up and did not at any time enter into a discussion of the matters covered by the agreement, and was not present at any time when the matter of compromise was being discussed. He signed the agreement at the office of his attorney, and it was then sent to appellant at Swanton, Ohio, and after being signed by appellant, it was returned to Judge Overton. Appellee then signed the $500 note mentioned in the agreement, got the contract from his attorney and delivered a copy of it and the $500 note to appellant's attorney and got the property mentioned in the mortgage other than the traction engine. Appellee, through his attorney, later learned that the mortgage securing the four notes had been released. He made no investigation to see whether the mortgage securing the $355 note had been released and never asked about this note and the mortgage securing it. ·

Appellee testified that prior to the making of the compromise agreement, he had learned that appellant had purchased the $355 note, and denied having received a letter from appellant prior to that time notifying him that appellant had sold and assigned that note to a bank at Swanton, Ohio. There is evidence that in the latter part of May, 1916, appellant mailed a letter to appellee notifying him that this note had been sold and assigned to a bank at Swanton. Mr. Brown testified that appellee came to Sharpsville, where the witness then lived, and gave him the compromise agreement and $500 note, demanded the notes and mortgage and the release of an automobile which was involved in the foreclosure suit; that they went from Sharpsville to Tipton, and he turned the automobile, the four notes and mortgage over to appellee, and that nothing was said about the $355 note. Appellee denied receiv-

ing any notes or papers from Mr. Brown. He also testified that he asked Judge Overton about both mortgages and was informed that the "court would cancel both mortgages and notes." There were no other facts proved nor was there any other evidence tending to prove any other facts having a tendency to sustain the alleged fraud on the part of appellant.

The burden was on appellee to prove that appellant fraudulently concealed from him the fact that it had disposed of the $355 note before the compromise agreement was entered into, and had fraudulently represented and led him to believe that it owned said $355 note at the time he signed said agreement. After a careful study of the evidence, we are forced to the conclusion that there is no evidence to sustain this allegation. The motion for a new trial should have been sustained. Having reached this conclusion, it is not necessary to determine whether the motion for a *venire de novo* should have been sustained.

Judgment reversed, with directions to sustain the motion for a new trial and for further proceedings not inconsistent with this opinion.